Jim Q. Tran (SBN 274880)
COAST LAW CENTER
2677 North Main Street, Ste. 520
Santa Ana, CA 92705
Tel:  714-242-5939
casefilings@coastlawcenter.com

Attorney for Plaintiff

FILED
2013 NOV 19  AM 10: 26
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| NATALIE NOLASCO,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHLAND GROUP, INC.; UNIFUND, LLC; PMGI, LLC; MIDLAND FUNDING, LLC; DESIGNED RECEIVABLE SOLUTIONS, INC.; BEST SERVICE COMPANY, INC.; NCO FINANCIAL, INC.; DOES 1-10,<br><br>Defendants. | CASE NO. SACV13-01811 AG (RNBx)<br><br>**COMPLAINT FOR DAMAGES**<br>*(As to All Defendants)*<br><br>**DEMAND FOR JURY TRIAL**<br>1. 15 U.S.C. § 1681<br>2. California Civil Code §1785<br>3. 15 U.S.C. § 1692<br>4. California Civil Code §1788 |

### PRELIMINARY STATEMENT

Plaintiff NATALIE NOLASCO ("Plaintiff"), through her counsel, brings her Complaint against NORTHLAND GROUP, INC., UNIFUND, LLC, PMGI, LLC, MIDLAND FUNDING, LLC, DESIGNED RECEIVABLE SOLUTIONS, INC., BEST SERVICE COMPANY, INC., NCO FINANCIAL, INC., and DOES 1-10 (hereinafter "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action arising from violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 *et seq.*, Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq.*, California Rosenthal Fair Debt Collection

1
Complaint for Damages

Practices Act (hereinafter "RFDCPA"), California Civil Code §1788 *et seq.* and California Consumer Credit Reporting Agencies Act (hereinafter "CCRAA"), California Civil Code §1785 *et seq.*

2. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1785.33, 28 U.S.C. § 1331, and 28 U.S.C. § 1337; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

3. Defendants regularly conduct business in the state of California, therefore establishing personal jurisdiction.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 1681, in that Defendants regularly conducts business in this District and Plaintiff resides in this District.

5. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## PARTIES

6. Plaintiff, NATALIE NOLASCO, is natural person who resides in the State of California, in the City of Huntington Beach, County of Orange; a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c), the FDCPA 15 U.S.C. § 1692a(3), and the CCRAA California Civil Code 1785.3(b); and a "debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

7. Defendant NORTHLAND GROUP ("NORTHLAND") is a Minnesota corporation with its principal place of business located at 7831 Glenroy Rd., Ste. 250, Edina, MN 55439. Defendant NORTHLAND is additionally a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

8. Defendant UNIFUND CCR ("UNIFUND") is an Ohio limited liability company with its principal place of business located at 10625 Techwoods Cir., Cincinnati, OH 45242. Defendant UNIFUND is additionally a "debt collector" within the meaning of

the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

9. Defendant PMGI is a California limited liability company with its principal place of business located at 8581 Santa Monica Blvd #17, Los Angeles, CA 90069. Defendant PMGI is additionally a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

10. Defendant MIDLAND FUNDING ("MIDLAND") is a Delaware limited liability company with its principal place of business located at 3111 Camino Del Rio North Ste. 1300, San Diego, CA 92108. Defendant MIDLAND is additionally a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

11. Defendant DESIGNED RECEIVABLE SOLUTIONS ("DESIGNED") is a Nevada corporation with its principal place of business located at 1 Centerpointe Drive #450, La Palma, CA 90623. Defendant DESIGNED is additionally a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

12. Defendant BEST SERVICE COMPANY ("BEST SERVICE") is a California corporation with its principal place of business located at 12601 Venice Blvd., Los Angeles, CA 90066. Defendant BEST SERVICE is additionally a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

13. Defendant NCO FINANCIAL SYSTEMS ("NCO") is a Pennsylvania

corporation with its principal place of business located at 507 Prudential Rd., Horsham, PA 19044. Defendant NCO is additionally a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

14. Upon information and belief, Defendants John Does 1 through 10 are legal entities, the names and address of residences of which are unknown.

15. Each Defendant uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. As part of its business in the regular collection of debts, each and every Defendant furnishes information to consumer reporting agencies.

## GENERAL ALLEGATIONS

16. TransUnion, Experian, and Equifax are "consumer reporting agencies" within the meaning of FCRA 15 U.S.C. § 1681a(f), and "consumer credit reporting agencies" within the meaning of the CCRAA California Civil Code §1785.3(d).

17. Consumer report is defined as "consumer report" within the FCRA 15 U.S.C. §1681a(d), and "consumer credit report" within the CCRAA California Civil Code 1785.3(c).

18. In April 2013, Plaintiff obtained her consumer reports from the major consumer reporting agencies and found entries by entities that she has never transacted any business with.

19. Plaintiff denies ever having established any business relationship, or contractual agreement for credit, loans, or services with any of the Defendants.

20. Each and every Defendant attempted to collect a "debt", as defined in 15 U.S.C. §1692a(5).

21. In attempting to collect said debt, Defendants engaged in "communications" with Plaintiff as defined in 15 U.S.C. §1692a(2).

4
Complaint for Damages

22. Discovery of Defendant's actions occurred in April 2013 and are within the statute of limitations as defined in the FCRA (15 U.S.C. § 1681p), the CCRAA (California Civil Code 1785.33), the FDCPA (15 U.S.C. § 1692k(d)), and the RFDCPA (California Civil Code 1788.30(f)).

23. In September 2013, Plaintiff disputed the entries made by Defendants with the major credit reporting agencies, via USPS Certified Mail.

24. In September 2013, Plaintiff sent letters to each Defendant, via USPA Certified Mail, as an effort to reach an equitable settlement without the need for litigation regarding Defendants' violations of federal statutory law.

25. Defendants failed to respond to Plaintiff's notices and ignored Plaintiff's attempts to reach a settlement.

1

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ,**
**VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.**
**AS TO DEFENDANT NORTHLAND GROUP**

26. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

27. The FCRA, 15 U.S.C. § 1681b, and the CCRAA, California Civil Code 1785.1(a), describe the permissible purpose for which a person may obtain a consumer report.

28. Such permissible purposes as described by 15 U.S.C. § 1681b and California Civil Code 1785.11(a) are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

29. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, NORTHLAND.

30. Defendant, NORTHLAND, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, NORTHLAND.

31. At no time did Plaintiff give her consent for Defendant, NORTHLAND, to acquire her consumer report from any consumer reporting agency.

32. Defendant, NORTHLAND, obtained Plaintiff's Experian consumer report on July 19, 2011.

33. Defendant, NORTHLAND, did not properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report.

34. Defendant, NORTHLAND, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b, and the CCRAA, California Civil Code 1785.11(a), by obtaining Plaintiff's Experian consumer report on July 19, 2011 with no permissible purpose.

35. Defendant, NORTHLAND, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and NORTHLAND breached said duty by failing to do so. There was no account that NORTHLAND had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

2
**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ**
**VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.**
**AS TO DEFENDANT UNIFUND CCR**

36. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

37. The FCRA, 15 U.S.C. § 1681b, and the CCRAA, California Civil Code 1785.1(a), describe the permissible purpose for which a person may obtain a consumer report.

38. Such permissible purposes as described by 15 U.S.C. § 1681b and California Civil Code 1785.1(a) are generally, if the consumer makes application for credit,

employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

39. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, UNIFUND.

40. Defendant, UNIFUND, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, UNIFUND.

41. At no time did Plaintiff give her consent for Defendant, UNIFUND, to acquire her consumer report from any consumer reporting agency.

42. Defendant, UNIFUND, obtained Plaintiff's Experian consumer report on June 26, 2012.

43. Defendant, UNIFUND, did not properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report.

44. Defendant, UNIFUND, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b, and the CCRAA, California Civil Code 1785.11(a), by obtaining Plaintiff's Experian consumer report on June 26, 2012 with no permissible purpose.

45. Defendant, UNIFUND, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and UNIFUND breached said duty by failing to do so. There was no account that UNIFUND had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

3
**THIRD CLAIM OF RELIEF**
**VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ**
**VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.**
**AS TO DEFENDANT PMGI**

46. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

47. The FCRA, 15 U.S.C. § 1681b, and the CCRAA, California Civil Code 1785.1(a), describe the permissible purpose for which a person may obtain a consumer report.

48. Such permissible purposes as described by 15 U.S.C. § 1681b and California Civil Code 1785.11(a) are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

49. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, PMGI.

50. Defendant, PMGI, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, PMGI.

51. At no time did Plaintiff give her consent for Defendant, PMGI, to acquire her consumer report from any consumer reporting agency.

52. Defendant, PMGI, obtained Plaintiff's Experian consumer report on October 29, 2012.

53. Defendant, PMGI, did not properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report.

54. Defendant, PMGI, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b, and the CCRAA, California Civil Code 1785.11(a), by obtaining Plaintiff's Experian consumer report on October 29, 2012 with no permissible purpose.

55. Defendant, PMGI, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and PMGI breached said duty by failing to do so. There was no account that PMGI had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

4

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.
## AS TO DEFENDANT MIDLAND FUNDING

56. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

57. Plaintiff found upon examination of her consumer reports that Defendant, MIDLAND FUNDING, had been reporting false and erroneous information to all three consumer reporting agencies. MIDLAND FUNDING was reporting an alleged account on all three consumer reports which MIDLAND FUNDING states originated in March 2012. This reported account did not belong to Plaintiff as Plaintiff had never had any business relationship of any kind with MIDLAND FUNDING.

58. Defendant, MIDLAND FUNDING, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, MIDLAND FUNDING.

59. In their action in obtaining Plaintiff's consumer report, Defendant, MIDLAND FUNDING, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

60. In their actions in furnishing information to the consumer reporting agencies, Defendant, MIDLAND FUNDING, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

61. Defendant, MIDLAND FUNDING, by reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" with Plaintiff in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

62. Defendants, MIDLAND FUNDING, failed to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

63. Defendant, MIDLAND FUNDING, made a false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions

as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

64. Defendant, MIDLAND FUNDING, used false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

65. Defendant, MIDLAND FUNDING, engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

66. Defendant, MIDLAND FUNDING, had a duty to properly ascertain if there was any legitimate debt owed before attempting to collect a debt from Plaintiff, and both Defendants breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

5
**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE RFDCPA 1788 ET SEQ.**
**AS TO DEFENDANT MIDLAND FUNDING**

67. Plaintiff repeats and re-alleges each and every allegation stated above.

68. In their attempts to collect an alleged debt from and engaging in "communications" with Plaintiff, Defendant, MIDLAND, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by:

   a. Reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

   b. Failing to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

   c. Making false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character,

10
Complaint for Damages

amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

d. Using false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

6
## SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ. AS TO DEFENDANT DESIGNED RECEIVABLE SOLUTIONS

69. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

70. Plaintiff found upon examination of her consumer reports that Defendant, DESIGNED, had been reporting false and erroneous information to all three consumer reporting agencies. DESIGNED was reporting an alleged account on Plaintiff's TransUnion consumer report which DESIGNED states originated in December 2011. This reported account does not belong to Plaintiff as Plaintiff had never had any business relationship of any kind with DESIGNED.

71. Defendant, DESIGNED, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, DESIGNED.

72. In their action in obtaining Plaintiff's consumer report, Defendant, DESIGNED, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

73. In their actions in furnishing information to TransUnion, Defendant, DESIGNED, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

74. Defendant, DESIGNED, by reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" with Plaintiff in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

75. Defendants, DESIGNED, failed to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

76. Defendant, DESIGNED, made a false representation to the consumer reporting agency—TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

77. Defendant, DESIGNED, used false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

78. Defendant, DESIGNED, engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

79. Defendant, DESIGNED, had a duty to properly ascertain if there was any legitimate debt owed before attempting to collect a debt from Plaintiff, and both Defendants breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

7
### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF THE RFDCPA 1788 ET SEQ.
### AS TO DEFENDANT DESIGNED RECEIVABLE SOLUTIONS

80. Plaintiff repeats and re-alleges each and every allegation stated above.

81. In their attempts to collect an alleged debt from and engaging in "communications" with Plaintiff, Defendant, DESIGNED, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by:

   a. Reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

b. Failing to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

c. Making false representation to the consumer reporting agency—TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

d. Using false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

8
**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.**
**AS TO DEFENDANT BEST SERVICE COMPANY**

82. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

83. Plaintiff found upon examination of her consumer reports that Defendant, BEST SERVICE, had been reporting false and erroneous information to all three consumer reporting agencies. BEST SERVICE was reporting an alleged account on all three consumer reports which BEST SERVICE states originated in January 2010. This reported account did not belong to Plaintiff as Plaintiff had never had any business relationship of any kind with BEST SERVICE.

84. Defendant, BEST SERVICE, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, BEST SERVICE.

85. In their action in obtaining Plaintiff's consumer report, Defendant, BEST SERVICE, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

86.   In their actions in furnishing information to the consumer reporting agencies, Defendant, BEST SERVICE, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

87.   Defendant, BEST SERVICE, by reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" with Plaintiff in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

88.   Defendants, BEST SERVICE, failed to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

89.   Defendant, BEST SERVICE, made a false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

90.   Defendant, BEST SERVICE, used false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

91.   Defendant, BEST SERVICE, engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

92.   Defendant, BEST SERVICE, had a duty to properly ascertain if there was any legitimate debt owed before attempting to collect a debt from Plaintiff, and both Defendants breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

9
**NINTH CLAIM FOR RELIEF**
**VIOLATION OF THE RFDCPA 1788 ET SEQ.**
**AS TO DEFENDANT BEST SERVICE COMPANY**

93.   Plaintiff repeats and re-alleges each and every allegation stated above.

94. In their attempts to collect an alleged debt from and engaging in "communications" with Plaintiff, Defendant, BEST SERVICE, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by:

   a. Reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

   b. Failing to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

   c. Making false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

   d. Using false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

   e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

10
**TENTH CLAIM FOR RELIEF**
**VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.**
**AS TO DEFENDANT NCO FINANCIAL**

95. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

96. Plaintiff found upon examination of her consumer reports that Defendant, NCO FINANCIAL, had been reporting false and erroneous information to all three consumer reporting agencies. NCO FINANCIAL was reporting an alleged account on all three consumer reports which NCO FINANCIAL states originated in November 2009.

This reported account did not belong to Plaintiff as Plaintiff had never had any business relationship of any kind with NCO FINANCIAL.

97. Defendant, NCO FINANCIAL, failed to provide any verified evidence of an assignment of an alleged debt, and no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant, NCO FINANCIAL.

98. In their action in obtaining Plaintiff's consumer report, Defendant, NCO FINANCIAL, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

99. In their actions in furnishing information to the consumer reporting agencies, Defendant, NCO FINANCIAL, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

100. Defendant, NCO FINANCIAL, by reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" with Plaintiff in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

101. Defendants, NCO FINANCIAL, failed to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

102. Defendant, NCO FINANCIAL, made a false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

103. Defendant, NCO FINANCIAL, used false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

104. Defendant, NCO FINANCIAL, engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

105. Defendant, NCO FINANCIAL, had a duty to properly ascertain if there was any legitimate debt owed before attempting to collect a debt from Plaintiff, and both Defendants breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

## 11
## ELEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE RFDCPA 1788 ET SEQ.
## AS TO DEFENDANT NCO FINANCIAL

106. Plaintiff repeats and re-alleges each and every allegation stated above.

107. In their attempts to collect an alleged debt from and engaging in "communications" with Plaintiff, Defendant, NCO FINANCIAL, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by:

   a. Reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

   b. Failing to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

   c. Making false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

   d. Using false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

   e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against each and every Defendant as follows:

    a. Awarding Plaintiff statutory damages of $1,000 for <u>each and every violation</u>, pursuant to the FCRA 15 U.S.C. § 1681;

    b. Awarding Plaintiff civil penalties of $2,500 for <u>each and every violation</u>, pursuant to the CCRAA California Civil Code 1785.19(a);

    c. Awarding Plaintiff statutory damages of $1,000 for <u>each and every violation</u>, pursuant to the FDCPA 15 U.S.C. §1692k;

    d. Awarding Plaintiff civil penalties of $2,500 for <u>each and every violation</u>, pursuant to the RFDCPA *California Civil Code* §1788.30(b);

    e. Awarding Plaintiff punitive damages to be decided at trial;

    f. Awarding Plaintiff general damages;

    g. Awarding Plaintiff actual damages;

    h. Awarding Plaintiff any attorney's fees and costs incurred in this action;

    i. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    j. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED this 18 day of November, 2013.

Respectfully submitted,

_____
Jim Q. Tran
Attorney for Plaintiff