1  MICHAEL R. SIMMONDS (SBN 96238)
   msimmonds@snllp.com
2  SARAH H. SCHEINHORN (SBN 294759)
   sscheinhorn@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile: (415) 352-2625

6  Attorneys for Defendants
   Unifund, LLC and PMGI, LLC
7

8               UNITED STATES DISTRICT COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10
                     SOUTHERN DIVISION
11

12  NATALIE NOLASCO,                    )  CASE NO.:  8:13-cv-01811-AG-RNB
                                        )
13           Plaintiff,                 )
                                        )  **ANSWER TO COMPLAINT BY**
14      vs.                             )  **DEFENDANT UNIFUND, LLC**
                                        )
15  NORTHLAND GROUP, INC.;              )
    UNIFUND, LLC; PMGI, LLC;            )
16  MIDLAND FUNDING, LLC;               )
    DESIGNED RECEIVABLE                 )
17  SOLUTIONS, INC.; BEST SERVICE       )
    COMPANY, INC.; NCO                  )
18  FINANCIAL, INC.; DOES 1-10,         )
                                        )
19           Defendants.                )
                                        )
20  ──────────────────────────────     )

21

22

23

24

25

26

27

28

1    Defendant UNIFUND, LLC ("Defendant") hereby submits the following

2   Answer to the Complaint ("Complaint") filed in this action by Plaintiff NATALIE

3   NOLASCO ("Plaintiff"):

4        1.      Answering paragraph 1 of the Complaint, Defendant admits that the

5   Complaint purports to allege claims under the Fair Credit Reporting Act (hereinafter

6   "FCRA"), 15 U.S.C. §1681 *et seq.*, the Fair Debt Collection Practices Act (hereinafter

7   "FDCPA"), 15 U.S.C. §1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act

8   (hereinafter "RFDCPA"), Cal. Civil Code §1788 *et seq.*, and the California Consumer

9   Credit Reporting Agencies Act (hereinafter "CCRAA"), Cal. Civil Code §1785 *et*

10  *seq.* Defendant denies the remaining allegations in paragraph 1.

11       2.      Defendant denies the allegations in paragraph 2 of the Complaint as

12  applied to Defendant and avers that this Court is prohibited from exercising subject

13  matter jurisdiction over the claims asserted against Defendant.

14       3.      Defendant admits the allegations in paragraph 3 of the Complaint.

15       4.      Defendant admits the allegations in paragraph 4 of the Complaint.

16       5.      Answering paragraph 5 of the Complaint, defendant avers that no

17  response is required of it.

18       6.      Answering paragraph 6 of the Complaint, Defendant is informed and

19  believes that Plaintiff is a natural person who resides in the State of California, in the

20  City of Huntington Beach, County of Orange and a "consumer" within the meaning

21  of 15 U.S.C. §1681a(c) and California Civil Code §1785.3(b).  Defendant lacks

22  knowledge or information sufficient to form a belief as to the truth of the allegations

23  in paragraph 6 of the Complaint that Plaintiff is a "consumer" within the meaning of

24  15 U.S.C. §1692a(3) or a "debtor" as defined by California Civil Code §1788.2(h).

25       7.      Defendant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations in paragraph 7 of the Complaint.

27       8.      Answering paragraph 8 of the Complaint, Defendant denies that there is

28  an entity called "Unifund CCR."   Defendant admits that Unifund CCR, LLC from

time to time acts as a "debt collector" but Defendant lacks knowledge or information sufficient to form a belief as to whether the financial obligation of Plaintiff at issue in this litigation is a "debt" within the meaning of 15 U.S.C. §1692a(5) or a "consumer debt" within the meaning of California Civil Code §1788.2.  Defendant admits it is a "person" within the meaning of 15 U.S.C. §1681a(b), California Civil Code §1785.3(j), and California Civil Code §1788.2(g).  Except as herein admitted, Defendant denies the remaining allegations of paragraph 8.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.    Defendant admits the allegations in paragraph 16 of the Complaint.

17.    Answering paragraph 17 of the Complaint, Defendant avers that the cited provisions of the FCRA and CCRAA are self-explanatory, and that otherwise the allegations of paragraph 17 are unintelligible.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

1      19.    Defendant lacks knowledge or information sufficient to form a belief as

2  to the truth of the allegations in paragraph 19 of the Complaint.

3      20.    Defendant lacks knowledge or information sufficient to form a belief as

4  to the truth of the allegations in paragraph 20 of the Complaint.

5      21.    Answering paragraph 21 of the Complaint, Defendant lacks knowledge

6  or information sufficient to form a belief as to whether the financial obligation owed

7  to Defendant by Plaintiff was incurred primarily for personal, family or household

8  purposes, and therefore lacks knowledge or information sufficient to form a belief as

9  to truth of the allegations that it attempted to collect a "debt" or engaged in

10  "communications" with Plaintiff as defined in 15 U.S.C. §1692a(2).  Defendant lacks

11  knowledge or information sufficient to form a belief as to the truth of the remaining

12  allegations of paragraph 21.

13      22.    Defendant lacks knowledge or information sufficient to form a belief as

14  to the truth of the allegations in paragraph 22 of the Complaint.

15      23.    Defendant lacks knowledge or information sufficient to form a belief as

16  to the truth of the allegations in paragraph 23 of the Complaint.

17      24.    Answering paragraph 24 of the Complaint, Defendant admits that

18  Plaintiff, through counsel, sent a letter to Defendant asserting violations of federal

19  statutory law.  Defendant lacks knowledge or information sufficient to form a belief

20  as to truth of the allegations in paragraph 24 to the extent they relate to other

21  defendants in this litigation.  Defendant denies the remaining allegations of paragraph

22  24.

23      25.    Answering paragraph 25 of the Complaint, Defendant denies that it

24  failed to respond to Plaintiff's demand and avers that it did respond, explained to

25  Plaintiff why there was no basis in law or fact for Plaintiff's contentions, and

26  informed Plaintiff that it would defend any litigation brought against Defendant and

27  seek recovery of its attorneys' fees and costs incurred in defense thereof.  Defendant

28  lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 25 to the extent they relate to other defendants in this litigation.

26.     Answering paragraph 26 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 25, above.

27.     Answering paragraph 27 of the Complaint, Defendant avers that the provisions of 15 U.S.C. §1681b are self-explanatory.  Defendant denies that California Civil Code §1785.1(a) describes the permissible purposes for which a person may obtain a consumer report.

28.     Answering paragraph 28 of the Complaint, Defendant avers that the provisions of 15 U.S.C. §1681b and California Civil Code §1785.11(a) are self-explanatory.  Defendant denies that paragraph 28 contains a complete list of permissible purposes.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Answering paragraph 36 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 35, above.

37.     Answering paragraph 37 of the Complaint, Defendant avers that the provisions of 15 U.S.C. §1681b are self-explanatory.  Defendant denies that California Civil Code §1785.1(a) describes the permissible purpose for which a person may obtain a consumer report.

38.     Answering paragraph 38 of the Complaint, Defendant avers that the provisions of 15 U.S.C. §1681b are self-explanatory.  Defendant denies that paragraph 38 contains a complete list of permissible purposes set forth in 15 U.S.C. §1681b.  Defendant denies that California Civil Code §1785.1(a) describes permissible purposes.

39.     Answering paragraph 39 of the Complaint, Defendant denies that Plaintiff has never had any business dealings or any accounts with Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.

40.     Answering paragraph 40 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that no original creditor has notified Plaintiff of an assignment of an alleged debt to Defendant.  Defendant denies the remaining allegations of paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Defendant admits the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Answering paragraph 46 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 45, above.

47.     Answering paragraph 47 of the Complaint, Defendant avers that the provisions of 15 U.S.C. §1681b are self-explanatory.  Defendant denies that

California Civil Code §1785.1(a) describes the permissible purpose for which a person may obtain a consumer report.

48.     Answering paragraph 48 of the Complaint, Defendant avers that the provisions of 15 U.S.C. §1681b and California Civil Code §1785.11(a) are self-explanatory.  Defendant denies that paragraph 48 contains a complete list of permissible purposes.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Answering paragraph 56 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 55, above.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

1    62.    Defendant lacks knowledge or information sufficient to form a belief as
2    to the truth of the allegations in paragraph 62 of the Complaint.

3    63.    Defendant lacks knowledge or information sufficient to form a belief as
4    to the truth of the allegations in paragraph 63 of the Complaint.

5    64.    Defendant lacks knowledge or information sufficient to form a belief as
6    to the truth of the allegations in paragraph 64 of the Complaint.

7    65.    Defendant lacks knowledge or information sufficient to form a belief as
8    to the truth of the allegations in paragraph 65 of the Complaint.

9    66.    Defendant lacks knowledge or information sufficient to form a belief as
10   to the truth of the allegations in paragraph 66 of the Complaint.

11   67.    Answering paragraph 67 of the Complaint, Defendant incorporates
12   herein by this reference the responses in paragraphs 1 through 66, above.

13   68.    Defendant lacks knowledge or information sufficient to form a belief as
14   to the truth of the allegations in paragraph 68 of the Complaint.

15   69.    Answering paragraph 69 of the Complaint, Defendant incorporates
16   herein by this reference the responses in paragraphs 1 through 68, above.

17   70.    Defendant lacks knowledge or information sufficient to form a belief as
18   to the truth of the allegations in paragraph 70 of the Complaint.

19   71.    Defendant lacks knowledge or information sufficient to form a belief as
20   to the truth of the allegations in paragraph 71 of the Complaint.

21   72.    Defendant lacks knowledge or information sufficient to form a belief as
22   to the truth of the allegations in paragraph 72 of the Complaint.

23   73.    Defendant lacks knowledge or information sufficient to form a belief as
24   to the truth of the allegations in paragraph 73 of the Complaint.

25   74.    Defendant lacks knowledge or information sufficient to form a belief as
26   to the truth of the allegations in paragraph 74 of the Complaint.

27   75.    Defendant lacks knowledge or information sufficient to form a belief as
28   to the truth of the allegations in paragraph 75 of the Complaint.

76.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.    Answering paragraph 80 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 79, above.

81.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.    Answering paragraph 82 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 81, above.

83.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.     Answering paragraph 93 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 92, above.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.     Answering paragraph 95 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 94, above.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.   Answering paragraph 106 of the Complaint, Defendant incorporates herein by this reference the responses in paragraphs 1 through 105, above.

107.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all

1  Defendants and/or any responsible parties, named or unnamed, should be apportioned
2  according to their relative degrees of fault, and the liability of Defendant should be
3  reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
#### (Supervening Cause)

6  The causes of action in the Complaint are barred, in whole or in part, to the
7  extent that any injury or loss sustained was caused by intervening or supervening
8  events over which Defendant had or has no control.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Misjoinder)

11  The Complaint in this action impermissibly joins claims against Defendant
12  with claims against other defendants in violation of Rule 20 of the Federal Rules of
13  Civil Procedure and should be dismissed as to Defendant.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Rooker-Feldman)

16  Judgment was entered in favor of Unifund CCR, LLC and against Plaintiff in
17  the matter of *Unifund CCR, LLC vs. Natalie M. Nolasco*, California Superior Court,
18  County of Orange, No. 30-2013-00630821-CL-CL-HLH.  The claims against
19  Defendant in this action are a de facto appeal from that state court judgment, and this
20  Court is prohibited under the *Rooker-Feldman* doctrine from exercising subject
21  matter jurisdiction.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Claim Preclusion)

24  Plaintiff's claims against Defendants, or parts thereof, are barred by the
25  doctrines of res judicata and collateral estoppel.

26
27
28

WHEREFORE, Defendant requests judgment as follows:

1.   That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2.   That Defendant recover from Plaintiff costs according to proof.

3.   That Defendant recover attorneys' fees according to proof.

4.   That the Court orders such other further reasonable relief as the Court may deem just and proper.


DATED: May 22, 2014                    SIMMONDS & NARITA LLP
                                       MICHAEL R. SIMMONDS
                                       SARAH H. SCHEINHORN


                                       By:    /s/ Michael R. Simmonds
                                              Michael R. Simmonds
                                              Attorneys for Defendants
                                              Unifund, LLC and PMGI, LLC